and Melvin Sprague, the assistant superintendent and superintendent. I do apologize for my voice. I did lose it last week, and I'm slowly getting it back, so bear with me. I'd ask to reserve one minute for questions. You may have one minute. We're here today because the district court failed to consider a very important question in the second part of the analysis of the clearly established law under the qualified immunity defense that the defendants raised. As you're aware, the court found that the law was clearly established and went on to cite the cases that established that, such as LeChance in Massachusetts, as well as the federal cases that a defendant held for fraud. However, the court further failed to reach the second part of that analysis. That is where the court is supposed to consider whether a reasonable official would have believed his actions were lawful in light of the law and the information possessed by that official at that time. Had the court conducted this analysis using only the findings of fact that the court had made, and I stress this, as well as the uncontested facts, the court would have found that the defendants were entitled to qualified immunity. Okay, tell me why this is the wrong way to think about it. So the claim is that Mr. Wright was not allowed to present certain evidence at his hearing. Do you agree that that's the procedural due process claim that the district court recognized? That's the only one that the district court found there could be an issue. Okay, let's accept that for right now. There's a whole section of the district court's opinion that says something like, liability of the defendants. And the judge goes through a whole bunch of facts that I'll summarize to say, make it appear that the defendants were sort of the Wizard of Oz behind the hearings. She goes through and says they were instructing or telling other people who were on the board various things to do, and it gives a feeling or a flavor of they were behind the scenes directing the action. And so I read her to say, okay, there's a clearly established rule about notice. We know it was violated because certain boxes were checked. And then there's a disputed fact about whether these folks were involved in it because what the facts show me, the district judge, is that they were involved behind the scenes in sort of pulling the strings. And if you see it that way, then what the district court is saying is there's a factual dispute. So I think to see it that way conflates the allegation of the substantive due process challenges and the procedural. So there were essentially almost entirely substantive due process allegations, and that was that he was held at the will of the superintendent and assistant superintendent for an unconstitutional reason. That is, not because we were trying to keep him safe, but because we were trying to punish him as a yet convicted terrorist. And in that vein, in that analysis, the underlying judge did find that they could have been found to have influenced that outcome. And the things that the judge points to specifically are very important because they directly relate to the substantive due process claims. The judge says underlying that they were, they have testimony that they were one of the decision makers. Testimony from a manager that they made the decision with the board with support from their superiors above, as well as an email that the superintendent sent to his manager. Do you agree that's not how she wrote the decision though? She discussed all of that under a subheading called something like liability of the defendant. Individual responsibility. And then, after doing that, says claim one, procedural due process can go to trial. Claim two, substantive due process cannot. Now, do you agree also that the law is not whether the district court correctly thought there was a disputed issue of fact? It's only whether that's the basis of her ruling, that that's how we get jurisdiction at this point. The issue that we have is that she didn't conduct that analysis. She didn't conduct the analysis about what these particular defendants knew. And had she done that, right, so even if you assume that there would be evidence that they influenced the ultimate decision, that decision to hold him there is separate than the procedure. The influence, she says, and I'm not saying this is right or wrong, but the way I at least read the opinion was, the influence, we don't know exactly where it started or stopped. So the influence may have extended to they can't, don't let them put on evidence. We don't need that. We don't want to hear that. Because they are influencing. So we don't, she would say, well, it's disputed to where that influence extended. No, it's not disputed because she finds exactly where in the record she finds that influence. And, again, it's in those statements that they were one of the decision makers and that this email was forwarded by the superintendent saying that he wouldn't agree with putting him in general population because he was afraid for his safety. So, again, the argument there was, well, the board might have known what the superintendent wanted the outcome to be, and so they were always going to decide that. Making that decision in and of itself is not unconstitutional. You absolutely can keep someone in administrative segregation for as long as reasonably necessary to keep them safe. That's not the issue. The very narrow issue that the court found below was that some boxes weren't checked. So a reasonable jury might believe that the plaintiff didn't think he had a right to say what he wanted to say to the board or to say what he wanted to say about his classification. But the point is that the superintendent and assistant superintendent had absolutely nothing to do. The underlying court also made. Okay, but that's a fact. That's a fact. What? You just told me the evidence is the superintendent and the assistant superintendent, they had no idea about the checking of the box and that he wasn't allowed to present information. That is a finding the district court made. She made a finding that they were not responsible. They were not involved. Excuse me. Let me find the exact quote here for you so that I don't... She found that they were not on the classification board and were not directly involved in that process. Those are her findings of that. And the process is the filling out of that form. The process is the procedural due process question. So I think it's important to keep the questions separate because they are very different principles that are applied. So if you look exactly at this lack of a check box, right, it would be incumbent on the plaintiff, once this is raised, to put forward a fact that they were involved, that they did know, that they had anything to do with the checking or the not checking of a box or that they would be aware that someone below them was not checking a box on a form reasonably leading a plaintiff to believe that he doesn't have a right to present his side at a classification hearing. Let's say we accept your argument about the checked boxes. Doesn't the district court make other findings regarding that appeals would have been fruitless or that I think she makes some other findings about the defendant's participation? That's after the hearing has occurred. She did find that his failure to exhaust, meaning to appeal his determination and to affirmatively indicate that he wasn't appealing it, was not dispositive of the case. But that is after the hearing. The issue she found on procedural due process was before the hearing and during the hearing, whether he would have thought he had the right to present as he'd be required under LaChance to do, to present his side if he so chose. And so the district court found they weren't on the classification board. They didn't participate directly in reviewing Wright's assignment. That's on page 9 of the judge's findings. We know that the policy that was implemented by the superintendent was constitutionally sound because the district court also made those findings that it was sound. And then the other piece of interesting evidence is the one time that the plaintiff does file a grievance, just showing, again, the state of mind as she was required to do to consider the state of mind of the superintendent and assistant superintendent. At the time that he files the grievance, again, the managers below reach out to the superintendent and say, how do you want us to respond to this? And he points them directly back to the policy that he's implemented, the constitutionally sound policy that says he has a right to say what he wants to say at his classification hearings. And as a result of that, you have these emails in the record. They're not disputed. As a result of that, the response on the grievance goes back to the plaintiff and says, if you want to have your classification changed, you need to write to the classification board. The very thing that the court is finding was problematic with that procedure is the one thing that the defendants believe is being carried out. They have no knowledge, no way to know that literally someone twice removed from them is not checking a box somewhere. And it's resulting in a potential violation of their rights. In fact, when they are presented with the concern that he wants to change his classification, they point him back to the constitutionally sound policy that they enacted, further showing that they're under the impression that their managers are doing what their managers are supposed to do, and that is enforce policy and procedure. There's not one piece of evidence that the plaintiff has put forward throughout any of the discovery that they were even the slightest bit aware. And to the contrary, the evidence shows that they believe the policy was being followed and that what they were doing was constitutional. So when you ask that question of what their actions were and what they knew, like in the Suffolk District Attorney's case, they were unaware that someone below them was just simply not checking a box and potentially violating his rights. Thank you. Thank you, counsel. At this time, would counsel for the appellee please introduce themselves on the record to begin. Good morning, your honors. May it please the court, Lisa Bevilacqua for Mr. David Wright. The issue on appeal before this court is exceedingly narrow. Defendants argue that the district court erred in finding that after a review of all the record evidence, a reasonable jury could find that the defendants are not entitled to qualified immunity. As counsel's presentation just demonstrated, defendant's argument is only about the underlying facts on which the district court made a legal determination, not about that legal determination itself. These factual arguments are not appropriate for interlocutory appeal. The only issue that defendants dispute in their briefing is the following determination made by the district court, that given the facts in the record and drawing all inferences in favor of Mr. Wright as a court on summary judgment must, a reasonable jury could find that a reasonable officer in the defendant's place would have known Mr. Wright's procedural due process rights were violated. Well, that's a legal conclusion that we review, right? Yes, your honor. The reasonableness determination is a legal question, but there are underlying factual inferences and factual findings that belie that. And do you maintain that there's an underlying factual finding that the defendants knew that the two items on the form were checked? Your honor, I think that the district court found there's sufficient evidence in the record that a reasonable jury could find that they were aware that Mr. Wright's procedural due process rights were being violated. The actual procedural due process violation here is not simply that boxes were not checked. The due process violation is that Mr. Wright, in 32 months in solitary confinement at PCCF, was never entitled to a hearing at which he could rebut the rationale for his confinement. But they had a general policy saying he was entitled to a hearing. They had notice of a hearing. If those boxes had been checked, would you have a claim? Again, the actual violation is that he was not allowed to rebut the rationale for his confinement. To be more precise, isn't it that he wasn't told that he had the option of doing that? He wasn't required to do it. Yes, your honor. He wasn't required to do it. No, he was. So the issue was, was he told he had an option? The general policy is that he would be so told. However, in this instance, a jury could find that he wasn't so told because of the absence of a checkmark. Yes, your honor, because of the absence of the checkmark. And so if the defendants didn't know about the absence of that checkmark, how could a jury find that they didn't think the general policy was being followed? Your honor, the district court observed several undisputed facts that it used to make a finding that a reasonable jury could find that the defendants were aware of and involved in Mr. Wright's classification reviews. And so those factual findings include numerous, there's deposition testimony in which the defendants, as well as the captain of the ad sec unit, Captain Hickey, testified that the defendants were joint decision makers with the classification board. Sure. Let's assume they were the sole decision maker. Let's say they were the king of the board. If they didn't know that the general policy was not being followed, how would they be liable? Well, your honor, if they were the sole decision makers, which again is a question of fact, that should be determined for a fact finder. But if they were, then regardless of whether or not Mr. Wright was allowed to attend a classification hearing, his procedural due process rights would have been violated. But if he'd been told that he had a right to appear at the proceeding and present his arguments, would his rights have been violated then? Well, your honor, Helms, the Supreme Court case that Judge Sarris based her decision on, in addition to LaChance, requires that an inmate placed in solitary confinement is entitled to receive at least notice and an opportunity to present his views to the prison official charged with deciding whether to transfer him there. And he would have been given that had those boxes been checked. Had those boxes been checked and he was allowed to attend a classification hearing, really it depends on who the decision maker was, which again is a factual issue. Well, it's not the decision maker. It's who didn't check the box and who, therefore, arguably knew that he wasn't informed that he could go to the hearing. The decision maker at the hearing may have no idea that he wasn't allowed to come to the hearing. Well, the decision maker, so first of all, the defendants did not attend the hearings. If the defendants were, under this assumption, the decision makers, they inherently would have known that he was not being afforded the opportunity to discuss with them themselves because he was never afforded notice to meet with them separately from these hearings and he was never allowed a certain notice. You keep putting that in passive voice. He wasn't allowed, but the real issue is who didn't allow him. We have to find that there's evidence that the defendants didn't allow him or at least knew he wasn't being allowed. You don't have co-counsel here today, right? Yes. I'm a decision maker. I have no idea whether your co-counsel was allowed to come or not. Your Honor, I think that the Brown v. Dickey case is instructive in this matter. It specifically notes that circumstantial evidence is sufficient to create a dispute of fact and direct evidence is not needed. While that case involved an underlying Fourth Amendment issue regarding a female inmate who was in the hospital in labor, the defendants were corrections officers stationed in her hospital room at the time and they raised similar factual arguments to the arguments that the defendants raised here. Here, the defendants argue that they're entitled to qualified immunity because Mr. Wright failed to put forward any facts or even argument that the defendants were involved in the paperwork provided to the plaintiff. Similarly, in Brown v. Dickey, the defendants argued that they were entitled to qualified immunity because the plaintiff did not present any direct factual evidence that they had observed the plaintiff while she was in labor. The court concluded that this was a fact-based argument and not appropriate for interlocutory review. The court stated that an issue... Just, I mean, I understand what Brown says. Yes. But what you're saying, just tell me if I understand what you're saying, which is the evidence was these people were so involved in the operation of the board and what it was doing that at least Judge Saris found that that created a factual dispute as to whether that extended as far as denying them the opportunity to be heard. Does that, do I understand that right? Yes, Your Honor. And I guess to me, I think there's a strong argument she's wrong about that. Does that matter? No, Your Honor. It doesn't matter as long as there is a dispute of fact that she has recognized. So even if this court thinks that Mr. Wright ultimately would fail to prove his argument before a fact finder, all we're asking for today is... But what if she's wrong to let it go to a fact finder? Like if we were here, then she's wrong. Like there are no disputed facts. She says there are, but she's not right about that. Then what? Then that is a legal question essentially for this court to determine. If there are no facts in the record to support a reasonable inference, then yes, that is fair. But I think that certainly under Brown v. Dickey where this court has indicated that only circumstantial evidence is needed to create a dispute of fact and to displace appellate jurisdiction, there are numerous, as I've stated, numerous undisputed facts in which the classification board checked in with the defendants at every turn regarding Mr. Wright's classification. When he requested a roommate, when he filed a grievance, they continually checked in with the defendants to get their thoughts and their guidance on how to handle Mr. Wright's classification. There's also, again, deposition testimony from the relevant officials, including the defendants, that they were involved, especially in high-profile cases such as Mr. Wright's. And Judge Sears used these undisputed facts to determine that a reasonable jury could find that defendants influenced the classification board's decisions, knowing that doing so would cause Mr. Wright's continued solitary confinement. If there are no further questions, I can conclude. Thank you. Thank you, Your Honor. Thank you, counsel. At this time, counsel for the appellant would please reintroduce herself on the record to begin. She has one minute. Thank you. Jessica Kenny on behalf of the defendants. So that portion you were asking about earlier, that's at page 23 of Judge Sears' findings. When you read that analysis, I won't take up the court's time reading it, and look at those facts that she found and then ask yourself the question, do any of those facts answer the question that Your Honor asked? Was he told he had an option to participate in the classification hearings? And none of those facts that she found related to any part of them overseeing or having an opinion about the ultimate determination that he was going to stay in administrative segregation would have any bearing on the answer to that question. Instead, you have factual findings that they were not on the board. So I guess that gets to my question that I just asked, which is are we thinking here about what she's holding or whether she's holding correctly? Because she could be saying, and honestly this is how I read it the first time when I read it, which is these guys had a lot of influence. And that influence, while there's no direct, on point, perfect evidence showing that they were involved in the aspect of the hearing involving ability to present information, overall they're sort of less than arm's length from the hearing, the people who are running the hearing, makes me think there's a disputed fact about whether they have some influence over the ability to present evidence. And she could be very wrong about that. And if she is wrong about that, do you win or not? We have to take the facts as she found them. It's not that she's wrong about that. I think even when you take the facts as she found them about the emails and about their opinion and about that ultimate decision to hold him there, that still wouldn't have helped in that analysis that she failed to do. The fundamental question the district court has to ask is would a reasonable superintendent and assistant superintendent with their knowledge be on notice that their actions were depriving the inmate of his constitutionally protected procedural due process rights? And so even if you say they put their thumb on the scale, they wanted him in there, they thought he should stay there, they believed he should stay there, they made sure the people on the board knew that, even if you take all those facts that she found on page 23 where she does that analysis that you're talking about, none of that, none of it points us to the superintendent and assistant superintendent knowing that a policy they promulgated is not being followed insofar as facts is being checked. I mean, this is a very detail-oriented... And I point out, too, that there were many issues with procedural due process that were raised in the response to summary judgment, and this is the only fact and issue that she found had any merit to go to the jury. All of the other issues raised with regard to notice and with regard to the fact whether it was a meaningful review, she didn't find any... She did not deny summary judgment on those bases. She only denied it because those unchecked boxes could lead a reasonable jury to believe that he was not totally had a right to be there and to present on his half. So there has to be individual culpability for these defendants. Otherwise, they've sued the wrong defendant. Your time is up. Thank you. Thank you, counsel. That concludes argument in this case.